UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL R.,

                      Plaintiff,

              v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**20-CV-6807F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            SAMANTHA J. VENTURA, of Counsel
                            6000 North Bailey Avenue
                            Suite 1A
                            Amherst, New York  14226

                            TRINI E. ROSS
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202
                                  and
                            KATHRYN L. SMITH
                            ASSISTANT UNITED STATES ATTORNEY, of Counsel
                            UNITED STATES ATTORNEY'S OFFICE
                            100 State Street
                            Rochester, New York  14614
                                  and
                            PRASHANT TAMASKAR
                            Special Assistant United States Attorney, of Counsel
                            Social Security Administration
                            Office of General Counsel
                            26 Federal Plaza
                            Room 3904
                            New York, New York  10278

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 16).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on July 2, 2021 (Dkt. 14), and by Defendant on November 29, 2021 (Dkt. 15).

**BACKGROUND**

Plaintiff Michael R. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications ("applications"), filed with the Social Security Administration ("SSA"), on April 28, 2017 for Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. ("the Act"), and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges he became disabled on April 28, 2017, based on anxiety, coronary artery disease, carpal tunnel syndrome, diabetes, acid reflux, hypertension, high cholesterol, intertrigo (inflammation caused by skin-to-skin friction), obesity, plantar fasciitis, sleep apnea, and plantar warts.  AR[2] at 190, 196, 213, 217.  On March 25, 2019, Plaintiff advised the SSA he was amending his disability onset date from April 28, 2017 to May 27, 2018.  AR at 211.  Plaintiff's applications initially were denied on June 28, 2017, AR at 96-98, and at Plaintiff's timely request, AR at 76-87, on July 29, 2019, a hearing was held in via video conference before administrative law judge ("ALJ") Andrew J. Soltes, Jr. ("the ALJ"), located in

---

[2] References to "AR" are to the page numbers of the Administrative Record Defendant electronically filed on April 6, 2021 (Dkt. 12).

2

Albany, New York.  AR at 35-75 ("administrative hearing").  Appearing and testifying at the administrative hearing in Rochester, New York were Plaintiff, represented by non-attorney representative Peter Siracuse, and vocational expert Melissa J. Fass-Karlin ("the VE"), appeared and testified by telephone.

On August 2, 2019, the ALJ denied Plaintiff's claim, AR at 12-34 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council.  AR at 187-89.  On August 10, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby rendering the ALJ's decision the Commissioner's final determination on the claim.  On October 6, 2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On July 2, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 14) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 14-1) ("Plaintiff's Memorandum").  On November 29, 2021, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of His [*sic*] Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 15-1) ("Defendant's Memorandum").  Plaintiff did not file any further papers in support of Plaintiff's Motion or in opposition to Defendant's Motion.  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.  The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff Michael R. ("Plaintiff"), born May 29, 1968, was 50 years old when he initially applied for disability benefits on April 28, 2017, and 51 years old as of August 2, 2019, the date of the ALJ's decision.  AR at 15, 30, 43, 73, 190, 196, 213.  Plaintiff is divorced and has three teen-age children who live with his ex-wife, while Plaintiff lives with his parents.  AR at 43, 46-47, 258-59.  Plaintiff was self-employed as an optician, in which capacity Plaintiff operated a retail store from 2001 to 2014, AR at 46-48, 215, 218, 225, but closed his business and stopped working full time in 2013, AR at 215, and completely on July 1, 2014.  AR at 217.  Since closing his optician practice, Plaintiff had a couple of unsuccessful work attempts in 2017 and 2018 as a deli clerk and a furniture salesman.  AR at 44.

Plaintiff graduated high school where he was in regular classes, and attended college for two years, but other than as required to become an optician, has not completed any specialized job training, trade or vocational school.  AR at 218.  Plaintiff lost his driver's license three years before the administrative hearing, and since then relies on his mother for rides, and does not take public transportation.  AR at 45-46.

It is undisputed that Plaintiff suffers from coronary artery disease and uncontrolled diabetes, and that Plaintiff underwent a quadruple coronary bypass with a stent inserted.  AR at 41, 50-51.  Plaintiff claims he is disabled from working not only because of his physical impairments, but also because of depression which Plaintiff attributes to his divorce from his wife and loss of his children, which caused Plaintiff to lose of his business leading to the foreclosure of his house and repossession of his

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

vehicle, his father's heart attack, and his mother's job loss, with the "final straw" being the death of Plaintiff's fiancé shortly after she was diagnosed with lung cancer.  AR at 41, 48-50, 258-59.

Plaintiff's receives primary care at University of Rochester Medical Center, Manhattan Square Family Medicine ("MSFM"), where his primary care physician is Stephen Lurie, M.D. ("Dr. Lurie").  AR at 317-26, 329-31.  Plaintiff receives treatment for his depression and anxiety at Strong Wellness Clinic where he sees nurse practitioner Kayla Luther ("NP Luther"), psychologist Jessica Moore, Ph.D. ("Dr. Moore"), and psychiatric therapist Meenal Goyal ("Therapist Goyal").  AR at 54, 327-28, 974-1057.

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d

Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in *Brault*). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

## 2.     Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v.*

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial

gainful activity ("SGA"), 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the

plaintiff has at least one severe impairment limiting his mental or physical ability to

perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the

plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R.

Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of

at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R.

§§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective

impairments, retains the "residual functional capacity ("RFC") to perform his past

relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the

plaintiff cannot perform his PRW, whether any work exists in the national economy for

which the Plaintiff, given the applicant's age, education, and past work experience,

"retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72,

77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and

416.960(c).

        The claimant bears the burden of proof for the first four steps of the sequential

analysis, with the Commissioner bearing the burden of proof on the final step.  20

C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d

Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet

the criteria at either of the first two steps, the inquiry ceases and the claimant is not

eligible for disability benefits, but if the claimant meets the criteria for the third or fourth

step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R.

§§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2018, AR at 17, Plaintiff has not engaged in SGA since April 28, 2017, his initial alleged disability onset date ("DOD"), *id.*, and has the severe impairments of coronary artery disease, congestive heart failure, diabetes mellitus, sleep apnea, obesity, depression, and mood disorder, *id.* at 17-18, but that Plaintiff's additional alleged conditions, including carpal tunnel syndrome, acid reflux disease, high cholesterol, intertrigo, plantar fasciitis, and plantar warts do not significantly limit Plaintiff's ability to perform basic work-related activities and, as such, are non-severe impairments, *id.* at 18-19, and that Plaintiff does not have an impairment or combination of impairments, including both severe and non-severe impairments, that meets or is medically equal to the severity of a listed impairment. *Id.* at 19-21.  The ALJ further found that despite his impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that Plaintiff can frequently, as opposed to constantly, finger and handle, occasionally stoop and crouch, but never kneel, crawl, climb ladders, ropes or scaffolds, can have no exposure to unprotected heights, must avoid extreme temperatures, and is limited to unskilled, low stress occupations defined as simple routine tasks, basic work-related decisions, and rare changes in the workplace setting.  AR at 21-28.  Plaintiff is unable to perform his PRW, AR at 28-29, but given his age, education, and ability to communicate in English, and with the transferability of skills not material to the disability determination because the Act's Medical-Vocational Rules 202.21 and 202.14, supports a finding of non-disabled regardless of whether Plaintiff has transferable skills, is able to perform jobs existing in

the national economy including as a cashier II, a counter attendant, and a routing clerk. AR at 28-30.   As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision.  *Id.* at 30.

In support of his motion, Plaintiff argues the ALJ improperly evaluated the opinions of treating sources, Plaintiff's Memorandum at 12-15, and the RFC formulated by the ALJ is not supported by substantial evidence in the record.  *Id.* at 16-18.  In opposition, Defendant argues the ALJ properly considered the treating opinions according to the recently promulgated regulations, Defendant's Memorandum at 11-18, and that despite not relying on a medical opinion, the ALJ's RFC formulation is supported by substantial evidence.  *Id.* at 18-21.  There is no merit to Plaintiff's arguments.

A claimant's RFC is the most he can still do despite his limitations and is assessed based on an evaluation of all relevant evidence in the record.  20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p,[5] Policy Interpretation Rulings Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, available at 1996 WL 374184 (July 2, 1996).  At the hearing level, the ALJ is responsible for assessing the claimant's RFC.  20 C.F.R. § 404.1546(c); SSR 96-5p, Policy Interpretation Rulings Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, available at 1996 WL 374183 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner).  Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical

---

[5] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015). Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence, *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002), which may include "choos[ing] between properly submitted medical opinions."  *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).  The ALJ also is free to reject any portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record.  *See Veino*, 312 F.3d at 588.  Further, an ALJ may formulate an RFC absent any medical opinions.  See *Monroe v. Comm'r of Soc. Sec.*, 676 Fed.Appx. 5, 8 (2d Cir. 2017) ("Where, [ ] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (internal citations and quotation omitted)). Nor need the ALJ's conclusion "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole."  *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly

match a medical opinion is not grounds for remand.).  Furthermore, the burden lies with

the plaintiff, not the Commissioner, to provide evidence establishing the RFC.  *See* 20

C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d

Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the

sequential inquiry...."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The

burden is on Plaintiff to show that he cannot perform the RFC as found by the ALJ.).

Here, the ALJ in this case properly analyzed the opinion evidence and the other

evidence of record when developing Plaintiff's RFC.

With regard to Plaintiff's argument that the ALJ improperly evaluated the treating

opinions of record, Plaintiff's Memorandum at 12-15, the SSA comprehensively revised

its regulations governing consideration of medical opinion evidence for claims filed on or

after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical

Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed.

Reg. 15, 132-01 (March 27, 2017).  Because in the instant case, Plaintiff filed his claim

on April 28, 2017, the revised regulatory framework pertaining to how the ALJ considers

medical opinions applies.

First, the new regulations no longer use the term "treating source" and no longer

make medical opinions from treating sources eligible for controlling weight; rather, an

ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to

any medical opinion(s) or prior administrative medical findings(s), including those from

[the claimant's own] medical sources."  20 C.F.R. § 416.920c(a).  Second, instead of

assigning weight to medical opinions, the ALJ considers the persuasiveness of a

medical opinion.  *Id.*  Significantly, the most important factors in evaluating an opinion's

persuasiveness is not the opinion's source, but the opinion's supportability and consistency with the medical evidence in the record.  20 C.F.R. § 416.920c(b)(2). Third, the new regulations only require the ALJ, when articulating an opinion's persuasiveness, to explain how he or she considered "the most important factors" of supportability and consistency, 20 C.F.R. § 416.920c(b)(2), and where a medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source, but need only provide a "single analysis."  *Id.*  Fourth, the new regulations deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled."  20 C.F.R. § 416.920b(c)(1)-(3).  Nor will the ALJ "provide any analysis about how we considered such evidence in our determination or decision."  20 C.F.R. § 416.920b(c).

In the instant case, the ALJ considered the three medical opinions of record, including Dr. Lurie's November 15, 2018 Medical Source Opinion Physical ("Dr. Lurie's opinion"), AR at 330-31, the September 21, 2018 Medical Source Opinion Physical by psychologist Dr. Moore and Therapist Goyal ("Dr. Moore's opinion"), *id*. at 328-29, and the February 1, 2019 Medical Source Opinion Psychological by Dr. Moore and Therapist Goyal ("Psychological Opinion"), AR at 968-70, and found each was not persuasive because they were inconsistent with the evidence in the record and not well supported.  AR at 27.  In particular, the ALJ found the opinions heavily relied on Plaintiff's subjective reports of symptoms and limitations which were not supported by

internal treatment records.  *Id*. at 27-28.  All three opinions largely consisted of a "check-box" form that included little narrative, which the Second Circuit has repeatedly found to be "only marginally useful."  *See Halloran v. Barnhart*, 362 F.3d 28, 31 n. 2 (2d Cir. 2004) (considering a standardized check-box form to be "only marginally useful for purposes of creating a meaningful and reviewable factual record").  *See also Colgan v. Kijakazi*, 22 F.4th 353, 361-62 (2d Cir. 2022) (clarifying that an ALJ may discount an opinion because it was provided on a check-box form only where the opinion completely lacks any evidentiary support in the record (citing *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014))).  In the instant case, the opinions are not consistent with other evidence in the record.

Specifically, although Dr. Lurie opined Plaintiff's symptoms were sufficiently severe to interfere with his attention and concentration, prevent Plaintiff from lifting or carrying any weight, performing any postural activities, sit, stand, or walk more than two hours, and would cause Plaintiff to miss more than four workdays a month, the section of the form requesting Dr. Lurie identify clinical findings and objective signs supporting the reported physical limitations was not completed.  AR at 330-31. Dr. Moore's opinions is similarly flawed insofar as it is also presented on the same check-box form as Dr. Lurie's opinion, with Dr. Moore failing to check any boxes regarding Plaintiff's physical limitations for which Dr. Moore did not treat Plaintiff.  *Id*. at 327-28.  Although Dr. Moore did report the symptoms of Plaintiff's mental impairments, for which Dr. Moore did treat Plaintiff, would frequently interfere with Plaintiff's attention and concentration, Dr. Moore also indicated such finding was based on Plaintiff's "reports" of grief and emotional pain stemming from the death of his girlfriend, and depression from

his divorce five years earlier.  AR at 327-28.  Furthermore, not only is the February 1,

2019 Psychological Report completed by Dr. Moore and Therapist Goyal also a check-

box form, but the checked boxes indicate only that Plaintiff is "limited but satisfactory"

with regard to understanding and remembering very short and simple instructions,

sustaining an ordinary routine without special supervision, and setting realistic goals or

making plans independently of others, "seriously limited, but not precluded" from

completing a normal workday and workweek without interruptions from psychologically

based symptoms, accepting instructions and responding appropriately to criticism from

supervisors, and dealing with normal work stress, and "moderately" limited with regard

to interacting with others.  AR at 968-70.  Significantly, the limitations reported in the

Psychological Report are consistent with the RFC formulated by the ALJ limiting Plaintiff

to unskilled, low stress occupations defined as simple routine tasks, basic work-related

decisions, and rare changes in the workplace setting.  AR at 21-28.  *See Lisa K. v.*

*Comm'r of Soc. Sec.*, 2022 WL 2317968, at *9 (W.D.N.Y. June 28, 2022) ("Moderate

mental limitations do not indicate disabling functional restrictions that would prevent a

claimant from performing the basic mental demands of unskilled work.").  Accordingly,

the ALJ did not improperly weigh the medical opinions of record.

Nor is the ALJ's RFC determination unsupported by substantial evidence in the

record.  Initially, as stated, the ALJ's RFC formulation need not be based on any

medical opinion.  *Matta*, 508 Fed.Appx. at 56; *Castle*, 2017 WL 3939362, at *3.  *See*

*also* SSR 96-5p, 1996 WL 374183, at * 2 (requiring an ALJ's RFC formation to be based

on a medical opinion "would, in effect, confer upon the treating source the authority to

make the determination or decision about whether an individual is under a disability,

14

and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.").  In the instant case, the ALJ's determination that Plaintiff was capable of a limited range of light work is supported by substantial evidence in the record.

As defined in the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," as well as "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b), § 416.967(b).  Here, Plaintiff testified at the administrative hearing that he could lift groceries up to about 20 pounds. AR at 55.  Despite testifying that shortness of breath and foot pain were his primary physical complaints, AR at 50-51, evidence in the record establishes Plaintiff reported on May 4, 2017 that he "recently took a two mile hike without any difficulty whatsoever," AR at 323, and reported on March 19, 2018, that "in nicer weather he may walk about 1.5 miles twice daily."  AR at 624.  On June 13, 2018, Plaintiff attributed his limited physical activity to taking care of his girlfriend who was undergoing chemotherapy.  AR at 643.  On March 14, 2019, Plaintiff reported he recently enjoyed a trip with his children to Arizona.  AR at 992.  Moreover, with regard to Plaintiff's mental limitations, the treatment notes of Dr. Moore and psychiatric Therapist Goyal repeatedly found Plaintiff within normal limits upon mental status examinations including, *inter alia*, affect, mood, thought process, thought content, perception, concentration, memory, cognitive function, impulse control, judgment and insight.  *See*, *e.g.*, AR at 979-80 (December 6, 2019), and 991-92 (March 14, 2019).  Accordingly, the ALJ's RFC formulation is supported by substantial evidence in the record.

In short, under the applicable deferential standard of review, there is no basis for rejecting the facts as found by the ALJ, which support that Plaintiff has the RFC for work at medium exertion with some exertional and non-exertional limitations to accommodate Plaintiff's physical and mental limitations because "'a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (quoting *Brault*, 683 F.3d at 448 (italics in *Brault*)).  Accordingly, the ALJ's finding that Plaintiff was not disabled for a continuous 12-month period commencing April 28, 2017 through the date of the ALJ's decision is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 14) is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 29th, 2022
            Buffalo, New York